UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| IUEMHOTEP I. MUHAMMAD | CIVIL ACTION NO. 3:05CV1059 |
| versus | JUDGE JAMES |
| REGIONS BANK, ET AL. | MAGISTRATE JUDGE HORNSBY |

## **REPORT AND RECOMMENDATION**[1]

**Introduction**

This lawsuit arises out of a loan transaction between Plaintiff and Regions Bank wherein Plaintiff renewed his existing indebtedness to Regions Bank in the amount of $134,566.56. In connection with the loan, Plaintiff executed a promissory note evidencing his promise to repay Regions Bank. Plaintiff also executed a mortgage that secured the debt with immovable property owned by Plaintiff. The pleadings and the summary judgment evidence show that Plaintiff defaulted on his loan to Regions Bank, and Regions Bank began foreclosure proceedings in Ouachita Parish.

Almost three years after he renewed his debt at Regions Bank and after foreclosure proceedings had begun, Plaintiff, pro se, filed this lawsuit against Regions Bank alleging fraud, unfair trade practices, disclosure violations and numerous other claims for relief. Plaintiff seeks a judgment voiding his written contract with Regions Bank. He also seeks

---

[1] This Report and Recommendation is not intended for commercial print or electronic publication.

damages for breach of the written contract, punitive damages, treble damages and numerous other types of relief.

**Plaintiff's Allegations**

The theory underlying Plaintiff's complaint is not entirely clear. In total, Plaintiff's complaint consists of 174 separately numbered paragraphs on 35 pages in an attempt to set forth 23 separate counts against Regions Bank. The last paragraph of the Complaint, paragraph 174, consists of a certification by Plaintiff that his complaint is based on his personal knowledge and is true and correct.

Plaintiff essentially alleges that Regions Bank falsely advertised that it lent money or provided mortgages at various interest rates; that Regions Bank does not actually lend money; that the customer, not the bank, is the creditor; and that Regions Bank "originates" new currency for each new customer by obtaining a promissory note and depositing that note to originate new currency, thereby making *Plaintiff* the lender or creditor. Complaint, ¶ 11. Plaintiff alleges that Regions Bank knew of the false representations because the term "originate" or "origination" is another word for "counterfeit." Complaint, ¶ 12.

According to Plaintiff's Complaint, Regions Bank's scheme operated like this: Instead of debiting an existing asset appearing on an existing general ledger, Regions Bank created a new account general ledger for Plaintiff with the deposit of Plaintiff's promissory note. This new ledger showed that Plaintiff acquired a new asset. The new asset was known as a "receivable" because Regions Bank expected that Plaintiff would continue making payments

on what Plaintiff believed to be an outstanding balance owed on the "so-called principal." Complaint, ¶ 12. Plaintiff alleges that he relied on Regions Bank's false and fraudulent misrepresentations in believing that Regions Bank would be the creditor or lender in a loan transaction in which Plaintiff would be required to pay fees, interest and principal. Complaint, ¶ 15. Plaintiff further alleges that any written agreement between Regions Bank and Plaintiff contains fraudulent and misleading statements, making it appear that Regions Bank is lending money to Plaintiff when, in fact, no money was lent. Complaint, ¶ 16.

Plaintiff alleges that, until recently, he suspected nothing fraudulent or deceitful about the arrangement until he reviewed a copy of certain publications. Complaint, ¶ 17. Plaintiff alleges that Regions Bank knew or should have known that it was not going to lend money to Plaintiff, but that Regions Bank was going to create upon the books and accounting records of Regions Bank "certain fictitious dollar-denominated, demand-deposit credit units for the amount of the so-called loan." Complaint, ¶ 25. Plaintiff alleges that he was ignorant that Regions Bank was not lending money out of Regions Bank's vault or he never would have obligated himself to pay principal and interest on demand deposit-credit money "manufactured out of nothing but thin air." Complaint, ¶ 27.

Plaintiff alleges that he filed a complaint and demand for arbitration against Regions Bank with the "American Arbitration Northwest." Complaint, ¶ 43(a). Plaintiff also alleges that, after receiving no response from Regions Bank, Plaintiff served Regions Bank with an "Admiralty Administrative Remedy." Complaint, ¶ 43(b).

Attached as an exhibit to Plaintiff's complaint is Plaintiff's "Complaint For Misapplication of Rules, Codes, Regulations and Non-Compliance with the Tacit Agreement and Judgment by Default and Demand for Immediate Injunction to Dismiss All Claims Against This child of God, et al/Inhabitant." Doc. 1-2. That complaint is directed to Maria-Janet Moffett, who is alleged to be the duly appointed, authorized Justice of the Peace by the authority vested with the original colony of New Hampshire as established in Great Britain and being the only lawful judicial appointment/office, operating today, in the United States of America ... ." The complaint alleges that the CEO of Regions Bank misused his official capacity to damage Plaintiff, who is referred to throughout the document as "this child of God, et al/inhabitant." The complaint seeks to have the Justice of the Peace convene a Justice of the Peace Court to "investigate, adjudicate and incarcerate the responsible persons."

Attached to that complaint is a document entitled "Order" dated January 2, 2005 and purportedly signed by the Justice of the Peace. In the order, the Justice of the Peace purports to have determined that the CEO misused his official capacity in misapplying codes, rules and regulations against Plaintiff. The order finds that the CEO personally acted without authority in violation of the Treatises of Alliance and Commerce between Great Britain and Portugal, subsisting between the two powers in 1814. The order declares that Christian C. Creed (attorney for Regions Bank in the foreclosure proceedings) personally acted in a manner consistent with treason. The Justice of the Peace further ordered that there would

be no appeal taken from her findings and conclusions. A separate "order of mandamus" was issued by the Justice of the Peace to the "Auditor" and "Clerk" of Ouachita Parish ordering the Clerk to correct "the records" and ordering that an arrest warrant be issued for all persons for any failure to do their duty as directed by the order.

**Summary Judgment Standard**

Regions Bank filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Doc. 16. Because Regions Bank submitted and the court has considered evidence outside of the Complaint, the applicable standard under which Regions Bank's motion must be considered is set forth in Federal Rule of Civil Procedure 56. Under Fed. R. Civ. P. 56(c), a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; B & A Pipeline Co. v. Dorney, 904 F.2d 996, 1002 (5th Cir. 1990).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct.

2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986). The party opposing the motion may point to the same materials filed by the movant to satisfy his burden, but "only evidence -- not argument, not facts in the complaint -- will satisfy" the burden. Solo Serv Corp. v. Westowne Associates, 929 F.2d 160, 164 (5th Cir. 1991). Unsworn pleadings and memoranda are not competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).

**Analysis**

Regions Bank's motion very methodically addresses each of Plaintiff's purported claims and convincingly demonstrates, by pointing to competent summary judgment evidence and the relevant law, that there are no genuine issues of material fact and that Regions Bank is entitled to judgment as a matter of law. Thus, Regions Bank has met its initial burden under Celotex, supra.

Plaintiff's opposition to Regions Bank's motion does not address any of the arguments raised by Regions Bank. Instead, Plaintiff's primary argument appears to be that Regions Bank attached hearsay loan documents to its motion. However, Plaintiff overlooks the fact that the loan documents are competent summary judgment evidence under the business records exception to the hearsay rule. Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir.

1980). In this case, the loan documents are authenticated by the affidavit of the Senior Vice President of Regions Bank.

Despite the lack of any meaningful opposition to Regions Bank's motion, it is apparent that none of Plaintiff's claims or theories can survive scrutiny under Rule 56. Plaintiff's allegation that Regions Bank committed fraud by misrepresenting that Regions Bank was the creditor in the loan transaction is patently frivolous. The loan documents clearly show that Plaintiff was the borrower, not the lender. The promissory note, the disclosure statement, the disbursement request and authorization, the preliminary disclosure statement and the settlement statement all clearly identify Plaintiff as the borrower and Regions Bank as the lender.

Likewise, Plaintiff's allegations of violation of the various federal lending regulations are frivolous. Any claim under the Truth in Lending Act, 15 U.S.C. § 1601, is untimely. Plaintiff's transaction with Regions Bank closed on June 12, 2002. This lawsuit was not filed until May 9, 2005. A claim under the Truth in Lending Act must be filed within one year from the date of the occurrence of a violation. 15 U.S.C. § 1640(e). That one year period commences with the consummation of the underlying loan transaction. <u>Stevens v. Rock Springs National Bank</u>, 497 F.2d 307, 309 (10th Cir. 1974).

Plaintiff also alleges that Regions Bank violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1261. Plaintiff's conclusory allegation that Regions Bank failed to make the necessary disclosures under RESPA is squarely contradicted by the summary judgment evidence.

Plaintiff also attempts to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. However, that act does not apply to the factual circumstances alleged by Plaintiff. The Fair Debt Collection Practices Act applies only to collection of a debt of another. It cannot apply to Regions Bank's attempt to collect a debt owed by Plaintiff directly to Regions Bank. <u>Thomasson v. Bank One</u>, 137 F.Supp.2d 721, 723-24 (E.D. La. 2001).

Plaintiff also has no viable claim against Regions Bank for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. He alleges no facts whatsoever that would enable him to state a claim under this Act against Regions Bank. For example, he has not alleged that he notified any credit reporting agency that any information on his credit report was inaccurate or incomplete.

Plaintiff also asserts numerous other claims, including claims under Georgia's unfair trade practices act, breach of contract, voidance of the contract, negligent misrepresentation, conversion, usury, rescission, unjust enrichment and the like. None of these claims or allegations has any merit. The summary judgment evidence shows that Plaintiff entered into a straightforward consumer loan transaction with Regions Bank. In that transaction, Plaintiff promised to repay the loan he obtained from Regions Bank. The documentation shows that the transaction was handled properly and that Plaintiff was provided with the requisite loan documents which correctly describe and disclose the terms required by law.

**Conclusion**

Plaintiff has failed to come forward with competent summary judgment evidence to demonstrate the existence of a genuine issue of material fact with regard to any of his claims. Plaintiff's lawsuit is, in a word, frivolous. His attempt to avoid his contractual obligations to Regions Bank by twisting and distorting the nature of the underlying transaction is flatly contradicted by the loan documents and common sense. Regions Bank's motion should be granted, and Plaintiff's lawsuit should be dismissed with prejudice. Plaintiff is hereby placed on notice that if he files any additional frivolous pleadings in this court, he may be ordered by pay sanctions pursuant to Fed. R. Civ. P. 11. He is directed to review that rule before he files additional papers in this court.

Accordingly,

**IT IS RECOMMENDED** that Regions Bank's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (Doc 16) be **GRANTED** and that Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 4th day of October, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge James